IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>GOODRICH PETROLEUM CORP., WALTER G. GOODRICH, ROBERT C. TURNHAM, JR., RONALD F. COLEMAN, K. ADAM LEIGHT, TIMOTHY D. LEULIETTE, JEFFREY S. SEROTA, EDWARD J. SONDEY, and THOMAS M. SOUERS,<br><br>　　　Defendants. | Case No. _____<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**</u> |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1. On November 21, 2021, Goodrich Petroleum Corp. ("Goodrich" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Paloma Partners VI Holdings, LLC ("Parent") and Paloma VI Merger Sub, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Goodrich's outstanding common stock for $23.00 in cash per share. The Tender Offer is set to expire on December 23, 2021.

3. On November 29, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Goodrich common stock. Plaintiff resides in this District.

9. Defendant Goodrich is a Delaware corporation. Goodrich's common stock is traded on the New York Stock Exchange under the ticker symbol "GDP."

10. Defendant Walter G. Goodrich is Chief Executive Officer and Chairman of the Board of Directors of Goodrich (the "Board").

2

11. Defendant Robert C. Turnham, Jr. is President, Chief Operating Officer, and a member of the Board.

12. Defendant Ronald F. Coleman is a member of the Board.

13. Defendant K. Adam Leight is a member of the Board.

14. Defendant Timothy D. Leuliette is a member of the Board.

15. Defendant Jeffrey S. Serota is a member of the Board.

16. Defendant Edward J. Sondey is a member of the Board.

17. Defendant Thomas M. Souers is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Goodrich is an independent exploration and production company engaged in the exploitation, development, and production of natural gas and crude oil primarily in the Haynesville Shale in North Louisiana and East Texas, the Tuscaloosa Marine Shale in Eastern Louisiana and Southwestern Mississippi, and the Eagle Ford Shale trend in South Texas.

20. On November 21, 2021, Goodrich entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Goodrich Petroleum Corporation (NYSE American: GDP) ("Goodrich" or the "Company") today announced that it has entered into a definitive merger agreement pursuant to which a subsidiary of Paloma Partners VI Holdings, LLC ("Paloma" and such subsidiary, "Merger Sub"), an affiliate of EnCap Energy Capital Fund XI L.P. ("EnCap"), will commence a tender offer to acquire all of Goodrich's outstanding common shares for $23.00 per share in cash.

The offer price in the transaction, which has been unanimously approved by Goodrich's Board of Directors, represents an approximate 7 percent premium to Goodrich's closing price on November 19, 2021, and a 47 percent premium to its year-to-date volume-weighted average price.

3

Transaction Structure

Certain stockholders of Goodrich have entered into tender and support agreements pursuant to which those stockholders have agreed to tender their Goodrich shares pursuant to the tender offer. The supporting stockholders and Paloma own, after giving effect to conversion of certain convertible notes, a majority of the outstanding shares of Goodrich common stock. Accordingly, the tender offer is expected to be completed successfully and followed promptly by a second-step merger pursuant to which any remaining shares will be converted into the right to receive the price paid in the tender offer.

Goodrich intends to file a Schedule 14D-9 following the commencement of the tender offer, which will include the unanimous recommendation by its Board of Directors that Goodrich's stockholders tender their shares in the offer.

Closing; Financing

The tender offer will be subject to customary conditions, including the tender of a majority of the outstanding Goodrich shares pursuant to the offer, and is expected to close in December 2021. The transaction is not subject to a financing condition. Paloma has secured from EnCap equity financing commitments for the entire acquisition, including assumption of debt, to complete the transaction.

Upon the completion of the transaction, Goodrich will become a privately held company and shares of Goodrich common stock will no longer be listed on any public market.

Advisors

Tudor, Pickering, Holt & Co. is serving as financial advisor to Goodrich and Vinson & Elkins L.L.P. is serving as Goodrich's legal advisor. Greenhill & Co. is serving as financial advisor to Paloma and Hunton Andrews Kurth LLP is serving as Paloma's legal advisor.

22.   On November 29, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

23.   The Recommendation Statement fails to disclose material information regarding Goodrich's financial projections, specifically: the line items underlying the projections.

### Financial Analyses

24.   The Recommendation Statement fails to disclose material information regarding

the financial analyses conducted Tudor, Pickering, Holt & Co. ("TPH").

25. Regarding TPH's Net Asset Value Analysis, the Recommendation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates utilized by TPH; and (ii) the cash flows, estimated effects of hedging, estimated effects of general and administrative expenses and income taxes, and net debt utilized by TPH.

26. Regarding TPH's Discounted Cash Flow Analyses, the Recommendation Statement fails to disclose: (i) the cash flows utilized by TPH; (ii) the terminal values utilized by TPH; and (iii) the inputs and assumptions underlying the discount rates utilized by TPH.

<u>Banker Engagement</u>

27. The Recommendation Statement fails to disclose the timing and details of the previous services TPH conducted for the parties to the Merger Agreement and/or their affiliates, and the fees TPH received for providing those services.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

30. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

31. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

32. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

33. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

34. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

37. Accordingly, defendants violated Section 14(e) of the Exchange Act.

38. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

43. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

45. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

46. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Goodrich within the

meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as directors of Goodrich and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  December 8, 2021						**GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*